UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ANGELA K. STOVER, | ) | |
| | ) | |
| Plaintiff, | ) | Case Number: 17-3300 |
| | ) | |
| vs. | ) | Illinois Circuit Court for Adams County |
| | ) | Cause No.: 17-L-48 |
| BENNETT E. JANUTOLO AND | ) | |
| MOBLEY SAFWAY SOLUTIONS, LLC | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

COMES NOW, Defendant Bennett E. Janutolo by and through his undersigned counsel, and for his Notice of Removal of this lawsuit, originally filed in the Illinois Circuit Court for Adams County, and states:

1. This case is a civil action over which this Court has original jurisdiction, pursuant to 28 U.S.C. § 1332, and is one which may be removed to this Court pursuant to 28 U.S.C. § 1441.

2. Plaintiff's Complaint asserts allegations of negligence that arise out of an alleged motor vehicle accident that occurred on or about November 12, 2016 in Adams County, Illinois. (Ex. A, Pl.'s Complaint ¶¶ 1-7).

3. Plaintiff's Complaint does not assert her state of citizenship, but upon information and belief, Plaintiff is a citizen of the State of Illinois.

4. Citizenship for purposes of diversity jurisdiction is determined by domicile. *Midwest Transit, Inc. v. Hicks*, WL 22435694 * 3 (7th Cir. 2003). One's physical presence in a state and the intent to remain in the state establishes domicile. *Id.*

5. The 'intent to remain' element of determining an individual's state of citizenship is a legal conclusion drawn from the totality of the circumstances. "Courts consider, for example,

such factors as current residence, place of employment, location of property, voter registration, driver's license registration, and payment of taxes." *Newell v. O&K Steel Corp.*, WL 1732622 * 3 (7th Cir. 2002).

6. On the date of the incident alleged in Plaintiff's Complaint, Plaintiff advised the Quincy, Illinois Police Department that her home address is located in Pittsfield, Illinois. (*See* Ex. B, Illinois Traffic Crash Report).

7. The vehicle that Plaintiff was driving at the time of the accident was reportedly owned by Plaintiff and bore license plates issued by the State of Illinois. *Id.*

8. Plaintiff supplied the police officers after the subject motor vehicle accident with a copy of her driver's license that was issued by the State of Illinois. *Id.*

9. Plaintiff retained an attorney located in Quincy, Illinois following the subject motor vehicle accident. (*See* Ex. C, Nov. 15, 2016 Letter from Stephen Rapp).

10. Prior to the motor vehicle accident, Plaintiff worked as a dental assistant at a senior citizen center located in Quincy, Illinois. (*Id.* at ¶ 3).

11. Plaintiff's mother, Cynthia Stover, requested and was granted appointment as temporary guardian of Plaintiff in Pike County, Illinois. (Ex. D, Letters of Guardianship).

12. The totality of the circumstances shown in the attached exhibits demonstrate that Plaintiff has resided in the State of Illinois, has hired multiple attorneys located and licensed in the State of Illinois to represent her in this matter, is employed in the State of Illinois, and has family located in the State of Illinois. These facts show that Plaintiff currently resides in the State of Illinois and has the intent to remain in the State of Illinois indefinitely. Thus, Plaintiff is domiciled in the State of Illinois and is therefore a citizen of the State of Illinois.

13. Defendant Bennett E. Janutolo currently resides in the State of Ohio. (Ex. E, Janutolo Declaration ¶ 1). Defendant Bennett E. Janutolo intends to continue to reside in the State of Ohio indefinitely. (*Id.* at ¶ 2). Thus, Defendant Bennett E. Janutolo is domiciled in the State of Ohio and is therefore a citizen of the State of Ohio.

14. The citizenship for diversity purposes of a limited liability company is the citizenship of each of its members. *Baymont Franchise Systems, Inc. v. Calu Hospitality, LLC*, 113, F.Supp.3d 1000, 1001 (Il. Dist. Ct. N.D 2015) citin*g Wise v. Wachovia Sec., LLC*, 450 F.3d 265 (7th Cir. 2006).

15. Defendant Brand Safway Solutions, LLC f/k/a Mobley Safway Solutions, LLC is a limited liability company whose sole member is Mobley Safway Solutions, LLC. (Ex. F. ¶ 3(a)).

16. Mobley Safway Solutions Holding, LLC is a limited liability company whose sole member is SafeSource, LLC. (Ex. F. ¶ 3(b)).

17. SafeSource, LLC is a limited liability company whose sole member is Safway Group Holding, LLC. (Ex. F. ¶ 3(c)).

18. Safway Group Holding, LLC is a limited liability company whose sole member is Badger Intermediate Holding, LLC. (Ex. F. ¶ 3(d)).

19. Badger Intermediate Holding, LLC is a limited liability company whose sole member is Badger Holding, LLC. (Ex. F. ¶ 3(e)).

20. Badger Holding, LLC is a limited liability company whose sole member is Safway Intermediate Holding, LLC. (Ex. F. ¶ 3(f)).

21. Safway Intermediate Holding, LLC is a limited liability company whose sole member is Brand Industrial Services, Inc. (Ex. F. ¶ 3(g)).

22. A corporation "shall be deemed to be a citizen of every State…by which it has been incorporated and of the State…where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The phrase principal place of business refers to the place where a corporation's high level officers direct, control, and coordinate the corporation's activities. *Hertz Corp. v. Friend*, 559 U.S. 77, 78, 95-96 (2010).

23. Brand Industrial Services, Inc. is incorporated in the State of Delaware and has its corporate headquarters in Kennesaw, Georgia and Waukesha, Wisconsin which is where almost all of the company's executive, administrative, legal, payroll, accounting, marketing, and other related functions and activities occur. (Ex. F. ¶¶ (3)(h)-(i)). Because Brand Industrial Services, Inc. is incorporated in the State of Delaware and its principal places of business are located in the States of Georgia and Wisconsin, Brand Industrial Services, Inc. is a citizen of the States of Delaware, Georgia, and Wisconsin.

24. All Plaintiffs are citizens of states different than all Defendants. No Defendant is a citizen of the forum state. Therefore, this is an action between citizens of different states and subject matter jurisdiction is proper in this Court pursuant to U.S.C. § 1332. *See also, Lincoln Property Co. v. Roche*, 546 U.S. 81, 82 (2005) (holding that defendant may remove an action on the basis of diversity if there is complete diversity between all named parties and no defendant is a citizen of the forum state).

25. Federal Courts "shall have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs and is between citizens of different states." 28 U.S.C. § 1332(a)(1).

26. Plaintiff alleges in her Complaint that she "suffered medical expenses, lost wages, past and future pain and suffering, disfigurement, permanent disability and loss of enjoyment of a

normal life." (Ex. A, ¶ 9). Furthermore, Plaintiff's former attorney claims that as of November 29, 2016, Plaintiff had incurred medical charges in excess of $118,000.00 as a result of the incident (Ex. G, November 29, 2016 Letter from Rapp). Plaintiff's claimed injuries and the extent of medical expenses allegedly incurred show that the amount in controversy exceeds $75,000.00. *See Rising-Moore v. Red Roof Inns, Inc.,* 435 R.3d 813, 815 (7th Cir. 2006) (amount in controversy was satisfied where medical expenses and lost earnings amounted to $45,000, so that "[a] modest allowance for pain, suffering, and future losses bring the total over the threshold.")

27.   Filed with this Notice of Removal, and attached as Exhibit H, is a true and correct copy of all process, papers, pleadings, exhibits, and orders contained in the Illinois Circuit Court file.

28.   Venue is proper in this Court pursuant to 28 U.S.C. § 1441 because this action was originally filed in the Circuit Court of Adams County, Illinois which is included in this Court's judicial area.

29.   Defendant Brand Safway Solutions, LLC f/k/a Mobley Safway Solutions, LLC consents to the removal of this action. (Ex. D. ¶ 3(j)).

30.   Attached as Exhibit I is the Civil Cover Sheet.

WHEREFORE, Defendant Bennett E. Janutolo prays that the above captioned action be removed from the Circuit Court of Adams County, Illinois.

        /s/Joseph R. Swift
        Joseph R. Swift #6197877
        BROWN & JAMES, P.C.
        800 Market Street, Suite 1100
        St. Louis, Missouri  63101
        (314) 421-3400
        (314) 421-3128 (fax)
        jswift@bjpc.com
        *Attorneys for Defendant Bennett E. Janutolo*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was forwarded to all counsel of record, by placing same in a U.S. Mail box, correctly addressed and postage fully prepaid, on this 15th day of December, 2017, as follows:

Delmer R. MiTchell
Daniel M. McCleery
Schmiedeskamp, Robertson, Neu & Mitchell, LLP
525 Jersey Street
Quincy, IL 62301
*Attorneys for Plaintiff*

        /s/Joseph R. Swift

14020091