### IN THE UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ANGELA K. STOVER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 17-cv-3300 |
| | ) | |
| BENNETT E. JANUTOLO and | ) | |
| MOBLEY SAFWAY | ) | |
| SOLUTIONS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>OPINION</u>

**SUE E. MYERSCOUGH, U.S. District Judge.**

This matter comes before the Court on Defendant Mobley
Safway Solutions, LLC's Motion for Summary Judgment (d/e 23).
Defendant's Motion for Summary Judgment (d/e 23) is GRANTED.
As a matter of law, Defendant Mobley Safway Solutions, LLC is not
liable for the actions of its employee, Defendant Bennett E.
Janutolo, because Defendant Janutolo was not acting within the
scope of his employment at the time of the automobile accident.

## I. INTRODUCTION

Plaintiff Angela K. Stover is a citizen of Illinois who filed suit
against Defendants Bennett E. Janutolo and Mobley Safway

Solutions, LLC ("Mobley Safway") in state court, Adams County, Illinois.  Defendant Janutolo removed the case to this Court in December 2017 based on diversity jurisdiction.  See d/e 1.  In Plaintiff's Complaint, she asserts that Defendant Janutolo was driving in a negligent manner when his vehicle collided with Plaintiff's vehicle as Janutolo failed to stop at a red light at the intersection of 12th and Vermont, Quincy, Illinois, causing injuries to Plaintiff.  See d/e 1-1.  Plaintiff also alleges that at the time of the accident, Defendant Janutolo was driving a vehicle owned by Defendant Mobley Safway.  See id.  Based on the pleadings, Plaintiff seeks to hold Defendant Mobley Safway liable for the actions of its employee, Defendant Janutolo, through vicarious liability.  See id.

Defendant Mobley Safway now moves for summary judgment on Plaintiff's claim against Defendant Mobley Safway arguing that Defendant Janutolo was not acting in the scope of his employment at the time of the automobile accident.  See d/e 23.

## II. JURISDICTION

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because complete diversity exists between the parties.  An individual is a citizen where they are domiciled.

Denlinger v. Brennan, 87 F.3d 214, 216 (7th Cir.1996).  For a corporation, it is a citizen of every state it is incorporated and where it has its principal place of business.  28 U.S.C. § 1332(c)(1). Plaintiff is a citizen of Illinois.  Defendant Janutolo is a citizen of Ohio.

Defendant Mobley Safway, whose proper legal name is Brand Safway Solutions, LLC f/k/a Mobley Safway Solutions, LLC, is incorporated under the laws of the State of Delaware.  Defendant Mobley Safway states that it has its principal places of business in Georgia and Wisconsin.  However, there can only be one principal place of business for the purposes of diversity.  See Hertz Corp. v. Friend, 559 U.S. 77, 92–93 (2010) (concluding that "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's 'nerve center.'").  Defendant does not identify where its true principal place of business is located. Nevertheless, Plaintiff is not a citizen of either Georgia or Wisconsin, and therefore, complete diversity exists.

The Court also finds that the amount in controversy exceeds $75,000 exclusive of interest and costs based on the information provided in the Notice of Removal. <u>See</u> d/e 1, pgs. 4-5 of 6. Therefore, the Court's jurisdiction is established.

Venue is proper because a substantial part of the events or omissions giving rise to the claim occurred within the judicial district of this Court. <u>See</u> 28 U.S.C. § 1391(b)(2) (a civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred").

### III. FACTS

Plaintiff brings a negligence action against Defendants Bennett E. Janutolo and Mobley Safway alleging injuries caused by an automobile accident.

On November 11, 2016, Defendant Janutolo was an employee of Defendant Mobley Safway as a site manager at the BASF chemical plant in Palmyra, Missouri. <u>See</u> d/e 25, pg. 3 of 13. As the site manager, Defendant Janutolo was responsible for directing and supervising employees' work; turning in time sheets; monitoring equipment, materials, and work order completions; and interacting with customers. <u>See</u> d/e 24, pg. 2 of 9. Defendant

Janutolo was provided a company vehicle to keep and use for personal and business travel.  <u>See</u> d/e 24-2, pg. 15 of 71.

Between 4 p.m. and 5:30 p.m. on November 11, 2016, Defendant Janutolo left work and traveled to his home in Quincy, Illinois.  <u>Id.</u>; d/e 23, pgs. 3-4 of 13.  While at his home, Defendant Janutolo received a telephone call from Brian Mosley, the industrial installation project manager for Defendant Mobley Safway, who wanted to have dinner with Defendant Janutolo.  See d/e 24, pg. 2 of 9.  Mr. Mosley was based out of Lexington, Kentucky, and Defendant Janutolo reported to him daily.  <u>See</u> d/e 25, pg. 3 of 13.  Mr. Mosley was on the jobsite earlier that day.  <u>See</u> d/e 24-2, Deposition of Bennet Janutolo, pg. 34 of 71.  Defendant Janutolo and Mr. Mosley went to dinner at a restaurant in Quincy, Illinois.  <u>See</u> d/e 24, pg. 2 of 9; d/e 25, pg. 4 of 13.

After dinner, Defendant Janutolo drove Mr. Mosley to Defendant Janutolo's house.  Whether Defendant Janutolo drank during the evening at certain times is disputed; however, it is immaterial to resolving the issues presented in Defendant's motion for summary judgment.  Details relating to Defendant Janutolo's

job are also immaterial to the inquiry of whether he was acting in the scope of his employment at the time of the accident.

At some point before 12:00 a.m., Defendant Janutolo and Mr. Mosley left the house and went to a nightclub in Quincy, Illinois. See d/e 25, pgs. 4-5 of 13. No evidence was presented about which nightclub the two patronized. Defendant Janutolo and Mr. Mosley remained at the nightclub until approximately 2:45 a.m. Id. at pg. 5 of 13; d/e 24-2, pgs. 41-42 of 71. Shortly before the accident, Defendant Janutolo and Mr. Mosley left the nightclub and were traveling to Defendant Janutolo's home. See d/e 25, pgs. 5 of 13. Defendant Janutolo was driving his company vehicle. See d/e 24, pg. 3 of 9. On his way home, around 2:49 a.m. on November 12, 2016, Defendant Janutolo's vehicle collided with Plaintiff's vehicle in Quincy, Illinois, which is the basis of this lawsuit. See d/e 24, pg. 2 of 9.

## IV. LEGAL STANDARD

Summary judgment is proper if the movant shows that no genuine dispute exists as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The movant bears the initial responsibility of informing the court of

the basis for the motion and identifying the evidence the movant believes demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). A genuine dispute of material fact exists if a reasonable trier of fact could find in favor of the nonmoving party. Carroll v. Lynch, 698 F.3d 561, 564 (7th Cir. 2012). When ruling on a motion for summary judgment, the court must consider the facts in the light most favorable to the nonmoving party, drawing all reasonable inferences in the nonmoving party's favor. Egan Marine Corp. v. Great Am. Ins. Co. of New York, 665 F.3d 800, 811 (7th Cir. 2011).

## V. ANALYSIS

The parties agree that Illinois law applies. Under Illinois law, an employer is generally held vicariously liable for an employee's tort under the doctrine of *respondeat superior* if the tort is committed within the scope of the employment. Giannoble v. P & M Heating and Air Conditioning, Inc., 233 Ill. App. 3d 1051, 1056 (1st Dist. 1992). Illinois adopted principles for vicarious liability from the Restatement (Second) of Agency. See Pyne v. Witmer, 129 Ill.2d 351, 360 (1989). There is no precise definition of what is meant by

"scope of employment;" instead, courts are guided by the following criteria:

> (1) Conduct of a servant is within the scope of employment if, but only if:
>
> > (a) it is of the kind he is employed to perform;
> >
> > (b) it occurs substantially within the authorized time and space limits; [and]
> >
> > (c) it is actuated, at least in part, by a purpose to serve the master, * * *
>
> * * * * * *
>
> (2) Conduct of a servant is not within the scope of employment if it is different in kind from that authorized, far beyond the authorized time or space limits, or too little actuated by a purpose to serve the master.

Pyne v. Witmer, 129 Ill.2d 351, 360 (1989) (quoting Restatement (Second) of Agency § 228 (1958)).  The burden is on the party seeking to establish scope of employment to show the "contemporaneous relationship between tortious act and scope of employment."  Id.

In this case, Defendant Mobley Safway argues that Defendant Janutolo was not acting within the scope of his employment at the time of the accident.  Plaintiff contends that Defendant Janutolo was acting within the scope of his employment and that genuine

issues of material fact exist, which foreclose granting the motion for summary judgment. Plaintiff argues that even if the Court finds that Defendant Janutolo acted outside of the scope of his employment, Defendant Mobley Safway should nonetheless be held liable.

**A. Defendant Janutolo was not acting within the scope of his employment.**

Defendant Mobley Safway alleges that Defendant Janutolo was not working in the scope of his employment, and therefore, Defendant Mobley Safway, as a matter of law, is not vicariously liable for the actions of Defendant Janutolo at the time of the accident. Agency principles adopted in Illinois dictate the outcome of this inquiry.

**1. Defendant Janutolo's conduct was not of the kind he was ordinarily employed to perform.**

The first part of the inquiry hinges on whether Janutolo's conduct was of the kind he was ordinarily employed to perform. To determine whether the conduct is of the kind he was ordinarily employed to perform, Illinois courts look "at the tasks the employee was required to perform as part of his or her regular job duties, and

then compare[] the complained-of conduct with those duties."
<u>Parks v. Brinkman</u>, 2014 IL App (2d) 130633, ¶ 58.

Defendant relies on <u>Parks</u> to explain that Defendant Janutolo's conduct was not of the kind.  In <u>Parks</u>, Dennis Brinkman, a volunteer, was sued for injuries allegedly sustained by another the plaintiff, another volunteer, when Brinkman hugged the plaintiff. <u>Parks</u>, 2014 IL App (2d) 130633, ¶ 1.  This took place at an Oktoberfest event, which was put on by the Lakeside Legacy Foundation.  <u>Id.</u> ¶ 5.  The Crystal Lake Jaycees provided the volunteers for the event.  <u>Id.</u>  Brinkman testified that anyone at a Jaycee event would be greeted with "a hello, a handshake, a hug." <u>Id.</u> ¶ 15.  The court found that the tasks that Brickman was required to perform were limited to pouring or serving cups of beer, and hugging was not a required part of the job.  <u>Id.</u> ¶ 58.  Therefore, Brickman's conduct was outside of his assigned job duties.

In <u>Snodgrass v. Jones</u>, the Seventh Circuit held that "it is not anyone's job to hang out in a bar for four to five hours, even if he is hanging out with other law enforcement officials." <u>Snodgrass</u>, 957 F.2d at 485.  The plaintiffs sued for injuries caused by an accident when a government employee was driving a government-owned

vehicle.  Id. at 483.  Prior to the accident, the government employee "had left work, eaten dinner at a restaurant, then spent four to five hours at a bar." Id.  The employee argued that he was acting within the scope of his employment when he was at the bar because it was part of his job to maintain good relations with other law enforcement agencies, which were at the bar.  Id. at 485.  The court rejected this argument. Id.

Similarly here, no evidence has been submitted that supports the conclusion that Defendant Janutolo's conduct was of the kind he was ordinarily employed to perform.  His regular job duties were directing and supervising employees' work; turning in time sheets; monitoring equipment, materials, and completing work orders; and interacting with customers.  Plaintiff argues that the purpose of Mr. Mosley being in town was to socialize with Defendant Janutolo. Even assuming that to be true, going to a nightclub for several hours is not part of Defendant's regular job duties and is not even remotely similar to his duties.  Moreover, Plaintiff presented no evidence that Defendant Janutolo and Mr. Mosley discussed work-related matters at the nightclub.  Therefore, the Court finds that

Defendant Janutolo's conduct of socializing at the nightclub was not of the kind he was ordinarily employed to perform.

### 2. Defendant Janutolo's conduct did not occur substantially within the time and place of his employment with Defendant Mobley Safway.

Plaintiff argues that the accident happened substantially within the authorized time and space limits of Defendant Janutolo's employment. In support, Plaintiff argues that the accident occurred while Defendant was hosting Mr. Mosley. However, socializing with Mr. Mosley for numerous hours was not the job of Defendant Janutolo.

Plaintiff points out that there is a presumption that an employee is acting in the scope of his employment if he is driving an employer's car. See Snodgrass, 957 F.2d at 486. To rebut the presumption, "the owner must show that the driver in fact was not acting in the capacity of owner's agent at the time of the accident." Id. If such evidence is introduced, the presumption ceases to operate. Here, a presumption exists that Defendant Janutolo was acting in the scope of his employment merely because he was driving his employer's car at the time of the accident. However, the presumption ceases to exist because Defendant has presented

evidence that Defendant Janutolo actions at the time of the accident were not within the scope of his employment.

Although not briefed by the parties, the Court notes that Defendant Janutolo's conduct leading up to the accident was not a "frolic" or "detour" such that Defendant Janutolo reentered the scope of his employment. The notation of a "frolic" (a major departure from the employer's business for personal reasons) and a "detour" (a minor deviation from the employer's business for personal reasons) has long been recognized in similar contexts. <u>See</u> <u>Pyne</u>, 129 Ill.2d at 360-61. It is possible for an employee to depart on a frolic or detour but later return within the scope of his employment. <u>See</u> <u>id.</u> at 361. When the deviation is "slight and not unusual, a court may find as a matter of law that the employee was still executing the employer's business." <u>Id.</u> If the deviation is remarkably obvious and unusual, a court may find as a matter of law that the employee was acting outside of the scope of his employment. <u>Id.</u>

In <u>Snodgrass</u>, the defendant-employee argued that his departure to go to a bar was considered a frolic, and when he drove home, he returned to the scope of his employment. <u>Snodgrass</u>, 957

F.2d at 485.  The court held that the defendant's delay of seven hours between leaving work and returning, attributed to him being at a bar, broke all connection in time and space to his employment. Id. at 486.

The same is true here.  By the time Defendant Janutolo was driving back home immediately before the accident occurred, it cannot be said that Defendant Janutolo was on a frolic and had returned to the scope of employment.

In Alms v. Baum, the plaintiffs sued Daniel Baum, the driver, and Ronald McDonald House for injuries sustained from an automobile accident.  343 Ill. App. 3d 67, 69 (1st Dist. 2003).  The plaintiffs and Baum were camp leaders, and as part of their duties, they attended the mandatory Friday meetings, which occurred four times a year.  Id.  After the meeting, a group of people, including the plaintiffs and Baum, went to an establishment called the Keg Room to socialize.  Id. at 70.  This was typical after the Friday meetings. Id.  Sometimes, camp business would be discussed at the Keg Room.  Id.  On the night in question, one of the plaintiffs brought work, but Baum and the other plaintiff did not.  Id.  The three were at the establishment for approximately two hours.  Id.

The court held that Baum did not go to the Keg Room as an extension of the Friday night meeting. Id. at 77. Instead, he went to socialize. Id. Moreover, the court held that the accident did not occur within a time or place where Baum would responsibly be performing his duties as a volunteer camp leader. Id. The court reasoned that the Keg Room was not located on camp grounds, it was not a place that Ronald McDonald House expected Baum to conduct camp leader duties, and the accident occurred "at a time when no official camp business was taking place," which was shortly after midnight. Id. at 77-78. Going to socialize for two hours after the meeting was not reasonable or authorized by Ronald McDonald House. Id. at 78. Therefore, Baum did not reenter the scope of employment when he was driving back to camp. Id.

The circumstances here are similar to those in Alms. Defendant Janutolo left the jobsite between 4 p.m. and 5:30 p.m. on November 11, 2016. Thereafter, he went to dinner with Mr. Mosley, both men returned to Defendant Janutolo's home, and then they went to a nightclub. The two arrived at the nightclub around 12:00 a.m. The accident occurred at 2:49 a.m. At a minimum, the accident occurred 9 hours after Defendant Janutolo left the jobsite.

Plaintiff argues that the socializing between Mr. Mosley and Defendant Janutolo was work related. There is no evidence in the record that the two were still discussing work related matters while at the nightclub between 12 a.m. until the accident occurred at 2:49 a.m. Defendant Janutolo's conduct between when he first went home and when he attempted to return home shortly before 3 a.m., which included being at a nightclub, is not close in time or space to his employment with Defendant Mobley Safway.

### 3. Defendant Janutolo's conduct was not motivated by any purpose to serve Defendant Mobley Safway.

Plaintiff argues that Defendant Janutolo met his supervisor "for a work dinner" and that "his supervisor was in town to specifically check in with Janutolo on the project." See d/e 25, pg. 6 of 13. The evidence does not support such statements. The only testimony provided by both parties was the deposition transcript of Defendant Janutolo. Defendant Janutolo testified that "[w]hile [he was] home, [he] received a call from [his] project manager who was in town to have dinner." See d/e 24-2, pgs. 33-34 of 71. It is immaterial whether Mr. Mosley was in town to have dinner with Defendant Janutolo. After dinner, the two went back to Defendant

Janutolo's home and proceeded to a nightclub later that evening. Assuming Mr. Mosley was in town to have dinner with Defendant Janutolo, the purpose of Mr. Mosley's trip ceased when dinner ended. Whether Defendant Janutolo and Mr. Mosley were friends outside of the work context is also irrelevant. As discussed in Snodgrass and Alms, socializing with a co-worker was not within the scope of Defendant Janutolo's employment. See Snodgrass, 957 F.2d at 485; Alms, 343 Ill. App. 3d at 70.

Defendant Janutolo's conduct after he arrived home from work up until the accident had no connection with the conduct he was required to perform as part of his employment. See Parks, 2014 IL App (2d) 130633, ¶ 59 ("An act is outside of the scope of employment if it has no connection with the conduct the employee is required to perform."). The Court finds that the accident did not occur in the scope of Defendant Janutolo's employment.

### B. No genuine issues of material fact exist, and the issue of scope of employment presents a question of law.

Generally, summary judgment is inappropriate when scope of employment is at issue. Pyne, 129 Ill.2d at 359. However, "when no reasonable person could conclude from the evidence that an

employee was acting within the scope of employment, a court should hold as a matter of law that the employee was not so acting." Id. Additionally, "where the essential facts are undisputed, whether an injury arose out of and in the course of employment presents a question of law." Snodgrass v. Jones, 957 F.2d 482, 484 (7th Cir. 1994).

Plaintiff argues that a genuine issue of material fact exists as to whether Defendant Janutolo was operating the vehicle within the scope of his employment. However, under the essential facts of this case, no reasonable person could conclude from the evidence that Defendant Janutolo was acting within the scope of employment. Therefore, the Court holds as a matter of law that Defendant Janutolo was not acting within the scope of his employment, and no issues remain for the jury to decide.

### C. Plaintiff has not alleged any other cause of action against Defendant Mobley Safway to render it liable.

Plaintiff argues that Defendant Mobley Safway should be held liable regardless if Defendant Janutolo was acting outside the scope of his employment. Plaintiff contends that Defendant Mobley Safway was negligent when Mr. Mosley allowed Defendant Janutolo

to drink and drive a company vehicle. Plaintiff relies on <u>Burlington</u> <u>Industries, Inc. v. Ellerth</u>, 524 U.S. 742 (1998), and § 219(2) of the Restatement. Plaintiff's reliance on <u>Burlington</u> is misplaced. The Supreme Court in <u>Burlington</u> held that employers may be liable if supervisors create a hostile work environment for employees. <u>Burlington</u>, 524 U.S. at 745. That landmark decision is applied in the employment context and relies on Title VII of the Civil Rights Act of 1964. The Court reasoned that "most workplace tortfeasors, whether supervisors or co-workers, are aided in accomplishing their tortious objective by the employment relation." <u>Id.</u> at 744. Here, Plaintiff is not an employee of Defendant Safway Mobley nor a co-worker of Defendant Janutolo. No employment relationship exists between Plaintiff and Defendants.

In Plaintiff's Complaint, she pled one count which sounds in negligence. <u>See</u> d/e 1-1. The only allegations against Defendant Mobley Safway are: the car was owned by Mobley Safway; "Defendant Janutolo was driving and operating Mobley's motor vehicle as a Mobley employee and was acting within the scope of his employment;" and "Defendant Janutolo was acting as the agent for his employment Defendant Mobley." <u>See</u> d/e 1-1, pg. 1 of 3.

Plaintiff has alleged vicarious liability based on agency principles. However, Plaintiff's Complaint fails to state a claim against Defendant Mobley Safway for any other theory of agency. Plaintiff did not allege an independent cause of action against Defendant Mobley Safway for allowing Defendant Janutolo to drink and drive. The first mention of this is in Plaintiff's response to the motion for summary judgment.

Plaintiff has not alleged any other independent basis to find liability against Defendant Mobley Safway. Whether Defendant Mobley Safway is responsible for the actions of Defendant Janutolo during the accident relies on the principles of agency that were discussed above. Plaintiff failed to present evidence that Defendant Janutolo's conduct was of the kind he was employed to perform, occurred substantially within the authorized time and space of his job, and was actuated, at least in part, by a purpose to serve his employer, which would impose vicarious liability on Defendant Mobley Safway. See Parks, 2014 IL App (2d) 130633, ¶ 73; Bagent v. Blessing Care Corp., 224 Ill.2d 154, 165 (2007) (holding that all three requirements of the three-part test must be met in order to impose vicarious liability).

# VI. CONCLUSION

For the reasons stated, Defendant Janutolo's conduct at the time of the accident at issue in this case was not within the scope of his employment, and, therefore, Defendant Mobley Safway Solutions, LLC is not liable for the actions of its employee. Accordingly, Defendant Mobley Safway's Motion for Summary Judgment (d/e 23) is GRANTED. The Court finds that there is no just reason for delaying the entry of a final judgment in favor of Defendant Mobley Safway. Therefore, the Clerk is DIRECTED to enter judgment in favor of Defendant Mobley Safway Solutions, LLC against Plaintiff. Defendant Mobley Safway Solutions, LLC is hereby DISMISSED WITH PREJUDICE from this case. The case will proceed against Defendant Bennett E. Janutolo. All pending deadlines and scheduled settings as to Defendant Bennett E. Janutolo remain set.

**ENTERED: February 13, 2020**

**FOR THE COURT:**

*s/Sue E. Myerscough*

**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**